

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-70,960-02

### EX PARTE GREGORY SCOTT NARRAMORE, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 13616-B IN THE 115TH DISTRICT COURT
### FROM UPSHUR COUNTY

*Per curiam*.

#### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of murder and sentenced to eighty years' imprisonment. The Sixth Court of Appeals affirmed his conviction. *Narramore v. State*, No. 06-05-00226-CR (Tex. App.—Texarkana Mar. 20, 2007) (not designated for publication).

Applicant contends that he is actually innocent and his due process rights were violated because the State presented false evidence. Applicant has alleged facts that, if true, might entitle him to relief. *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances,

additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall hold a live evidentiary hearing.

Applicant appears to be represented by counsel. If he is not, the trial court shall determine whether he is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent him at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether (1) Applicant's claims meet one of the exceptions in Article 11.07, § 4 of the Code of Criminal Procedure; (2) the evidence Applicant relies on for his actual innocence claim is newly discovered or available, *Ex parte Brown*, 205 S.W.3d 538, 545–46 (Tex. Crim. App. 2006); (3) Applicant has established by clear and convincing evidence that he is actually innocent, *Ex parte Elizondo*, 947 S.W.2d 202, 209 (Tex. Crim. App. 1996); and (4) Applicant's conviction was based on false and material testimony. *Ex parte Weinstein*, 421 S.W.3d 656, 665 (Tex. Crim. App. 2014). The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claims for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time must be requested by the trial court and shall be obtained from this Court.

Filed: March 21, 2018
Do not publish